Filed 10/19/15  P. v. Zendejas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>EDGAR ZENDEJAS,<br><br>　　　Defendant and Appellant. | E063433<br><br>(Super.Ct.No. FWV1405256)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Edgar Zendejas appeals from an order denying his petition for recall of his two-year term for possessing methamphetamine for sale and for resentencing under Penal Code section 1170.18.[1] We find no error and affirm the order.

FACTS AND PROCEDURE

On December 19, 2014, police on patrol at a park saw defendant and another person sitting on their bicycles in the parking lot. As the patrol vehicle drove in the direction of the two men, defendant looked at the vehicle and then pushed his bicycle toward a tree. Defendant appeared to be hiding something behind the tree. The officers found a container containing four separate baggies of methamphetamine, with a total weight of 2.8 grams.

On December 22, 2014, the People filed a complaint charging defendant with possessing methamphetamine for sale (Health & Saf. Code, § 11378). The People also alleged that defendant had four prior felonies (§ 1203, subd. (e)(4)) and that each of these felonies resulted in a prison term within the meaning of section 667.5, subd. (b).

On January 5, 2015, defendant pled guilty to the possession for sale charge but did not admit any of the allegations. Also on that date the trial court sentenced defendant, as agreed, to two years in state prison.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On January 27, 2015, appellant filed a petition under Proposition 47 to recall his sentence. On February 27, 2015, the trial court considered and denied defendant's petition, finding defendant did not satisfy the criteria in section 1170.18 and that defendant was not eligible for resentencing.

On April 22, 2015, defendant appealed from the denial of his petition.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a summary of the facts and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

3

**DISPOSITION**

The order denying defendant's Proposition 47 petition for recall and resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ                      
P. J.

We concur:

MILLER                      
J.

CODRINGTON                      
J.

4